Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
Manu J. Elloie, Esq. (SBN 26245)
**HAMNER LAW OFFICES, APLC**
5023 Calabasas Parkway
Calabasas, California 91302
Telephone: (818) 876-8631
chamner@hamnerlaw.com
eserafini@hamnerlaw.com
melloie@hamnerlaw.com

Attorneys for Plaintiffs, EDUARDO RUELAS, JOSE HERRERA and
SEBASTIAN CANO on behalf of themselves individually and the proposed class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO RUELAS an individual California resident, and JOSE HERRERA, an individual California resident, SEBASTIAN CANO, an individual California resident, on behalf of themselves individually and the proposed class, <br><br> Plaintiffs <br><br> v. <br><br> EMPIRE EVENTS & SOLUTIONS, a New York company of unknown form, and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **FAILURE TO PAY MINIMUM WAGES** <br> 2. **FAILURE TO PROVIDE REST BREAKS** <br> 3. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF** <br> 4. **FAILURE TO PAY OVERTIME WAGES** <br> 5. **WAGE STATEMENT VIOLATIONS** <br> 6. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES** <br> 7. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208);** <br> 8. **INJUNCTION** |

Plaintiffs Eduardo Ruelas and Jose Herrera, (hereinafter "Plaintiffs" or "Ruelas", "Herrera") on behalf of themselves and the proposed class, bring the following causes of action against Defendants.

## I.    THE PARTIES

### A.    Plaintiffs

1.    Plaintiff Eduardo Ruelas is a resident of Hayward, California. During the liability period, and at all relevant times herein, Plaintiff was employed by Defendants at the Empire Events and Solutions in Alameda County, California, as a sales representative at Defendant's Pleasanton, California location.  Plaintiff worked for Defendants during the four year liability period.

2.    Plaintiff Jose Herrera is a resident of Hayward, California.  During the liability period, and at all relevant times herein, Plaintiff was employed by Defendants at the Empire Events and Solutions in Alameda County, California, as a sales representative at Defendant's Pleasanton, California location.  Plaintiff worked for Defendants during the four year liability period.

3.    Plaintiff Sebastian Cano is a resident of San Leandro, California. During the liability period, and at all relevant times herein, Plaintiff was employed by Defendants at the Empire Events and Solutions in Alameda County, California, as a marketing sales representative at Defendant's Pleasanton, California location. Plaintiff worked for Defendants during the four year liability period.

### B.    Defendants

4.    Defendant, Empire Events and Solutions, Inc., is a California corporation located in San Diego, California, and operates and does business in California.   Defendants regularly and systematically do business in Los Angeles County.

5.    The true names and capacities, whether individual, corporate,

associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiffs are informed and believe, and based thereon allege, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

## II.   GENERAL ALLEGATIONS

6.      Defendants employed Plaintiffs throughout the state of California, including in Alameda County, California.

7.      Plaintiffs were misclassified by Defendant as exempt "Marketing Sales Representatives".   However, Plaintiffs had no authority or discretion necessary for this classification, and were essentially inside sales employees for Defendants and Defendants' clients at Defendants' and Defendants' clients' locations.  Plaintiffs allege this type of work is not within the outside sales exemption.  Plaintiffs were not exempt, and Plaintiffs should have been paid hourly, plus overtime, for this performing non-exempt sales work for Defendants. Plaintiffs' job duties for Defendants were to stand at a fixed client location, and market and sell Defendants' and clients' services to visitors at fixed client locations owned and operated by Defendants or one of Defendants' clients.

8.      Plaintiffs allege they were intentionally misclassified by Defendants in violation of Labor Code section 226.8.

9.      Defendants failed to pay wages, including overtime, and failed to reimburse Plaintiffs for business expenses, including expenses related to sales events with potential clients, gas and mileage.

10.      Plaintiffs are entitled to regular pay, plus overtime pay for each

overtime hour worked traveling to, from, and working during sales events with Defendants potential clients.

11.    Plaintiffs allege their supervisors oversaw, directed, and supervised the inside insurance sales team, composed of employees who were each misclassified, including Plaintiffs.

12.    Plaintiffs were not subject to an exemption for executive, administrative, and professional employees, or any other managerial exemption under California law.

13.    Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiffs remained subject to their employers' control.  This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

14.    Plaintiffs allege Defendants failed to provide accurate, itemized wage statements to Plaintiffs as required by Labor Code section 226.

15.    Defendants failed to pay all wages owed Plaintiffs as required by Labor Code section 203.  This claim results from Defendants' failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

16.    The claims for which restitution are owed relate to unpaid wages for late and interrupted meal periods.

### III.    CLASS DEFINITION AND ALLEGATION

19.    Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

**All persons in California who worked for Defendants as a "marketing and sales representative" or in a similar job title or similar sales duties for Defendants or one of Defendants' clients,**

**partners or associates, in California within the last 4 years.**
Plaintiff reserves the right to amend the class.

## IV.   CLASS ALLEGATIONS

20.   ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiffs. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

21.   ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether Plaintiffs and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendants owe Plaintiffs and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

      (a)    what were and are the policies, programs, practices, procedures and protocols of Defendants regarding Plaintiffs and the proposed class members' actual work and tasks and their job duties irrespective of job titles;

      (b)    whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and

other California law with respect to Plaintiffs and the proposed class pursuant to Labor Code section 510, and Wage Order No. 4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(c)    whether Defendants' policy and practice of classifying Plaintiffs and the proposed class as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the proposed class violates applicable provisions of California law, including applicable statutory and regulatory authority;

(d)    whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the California Labor Code and related regulations, Cal Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174..5, and 1194, the applicable Cal. Wage Orders;

(e)    whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(f)    what were and are the policies, programs, procedures and protocols of Defendants regarding furnishing Plaintiffs and the proposed class, upon payment of wages, itemized statements required by Labor Code § 226.

(g)    whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices,

procedures and conduct referred to in this cause of action;

(h)    whether Plaintiffs and the proposed class are entitled to injunctive relief.

22.    ***Typicality.*** Plaintiffs claims are typical of the claims of the proposed class.

23.    ***Adequacy of Representation.*** Plaintiffs will fairly and adequately protect the interests of the members of the proposed class.  Plaintiffs have retained counsel experienced in complex consumer class action litigation.  Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

24.    ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

25.     Unless a class action is certified here, Defendants will retain monies received as a result of its conduct that was taken from Plaintiffs and proposed class members. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage, Labor Code §§ 1194, 1197 and 1197.1
(Unpaid Minimum Wages)**

26.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if set forth herein.

27.     Defendants illegally failed to pay wages and/ or overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

28.     Plaintiffs seek all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## SECOND CAUSE OF ACTION

### Failure to Provide Rest Breaks
### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

32.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

33.     By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

34.     By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and class members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff Class.  On information and belief, Plaintiffs allege Defendants' failure to maintain accurate records was willful.

35.     As a result of the unlawful acts of Defendants, Plaintiffs and the class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor

Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

36.    Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

37.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

38.    Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

  i.  No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…

  ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

39.     Similarly, Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore Plaintiffs and the class they seek to represent are entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

40.     Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class they seek to represent to wok during meal periods mandated by the applicable orders of the Industrial Welfare Commission. Therefore Plaintiffs and the class they seek to represent are entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

41.     On information and belief, Plaintiffs allege that class members did not voluntarily or willfully waive rest and/ or meal periods and were regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and

any written waivers were obtained without full disclosure and are thus involuntary and without consent.

42.    Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

43.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if set forth herein.

44.    Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

45.    California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

46.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at

trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

47.    Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

48.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

49.    Section 226(a) of the California Labor Code requires Defendants to itemize all 'wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiffs.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiffs.

50.    California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security

number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

51.     As a consequence of Defendants knowing and intentional failure to comply with Labor Code section 226(a), Plaintiffs are entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

52.     Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated Employees
### (Labor Code § 201-203)

53.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

54.     Plaintiffs seek to represent a subclass of Defendants employees who are owed penalties under Labor Code section 203 who were discharged or quit their employment within the statute of limitations period applicable to this cause of action. As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

55.    Defendants failed to pay Plaintiffs said employees, without abatement, all wages owed to Plaintiffs (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

56.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

57.    Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

58.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

59.     Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

60.     The actions of Defendants in failing to pay Plaintiffs in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

61.     Plaintiffs are entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.  Plaintiffs bring this cause individually subject to Defendants' unlawful acts and practices.

62.     As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs.  Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiffs and the members of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq.*  Plaintiffs are informed and believe, and on that basis allege, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiffs and members of the public.

63.     Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs were prejudiced by Defendants' unfair trade practices.

64.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs are entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs as a result of the business acts and practices herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

65.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiffs

RUELAS ET AL. v. EMPIRE EVENTS AND SOLUTIONS, INC. – COMPLAINT

allege that if Defendants is not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

66.    Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

67.    Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## EIGTH CAUSE OF ACTION

### Injunction

68.    Plaintiffs incorporate all previous paragraphs of this complaint as though fully set forth herein.

69.    Plaintiffs seek injunctive relief to prohibit the continuing unlawful acts alleged herein.

70.    Defendants' practices caused Plaintiffs to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendants.

71.    Plaintiffs seek to enjoin Defendant from continuing their ongoing wage and hour violations at Defendants' and Defendants' client's places of business.

72.    Plaintiffs do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## IV.

## **PRAYER FOR RELIEF**

Plaintiffs pray as follows:

1.  That the Court determine that the failure of the Defendants to pay compensation to the Plaintiffs be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.  That the Defendants be ordered to pay and judgment be entered for wages for Plaintiffs according to proof;

3.  That the Defendants be ordered to pay and judgment be entered for overtime wages, to Plaintiffs according to proof;

4.  That the Defendants be ordered to pay and judgment be entered for Liquidated damages under Labor Code section 1194.2 to Plaintiffs according to proof:

5.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiffs according to proof;

6.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiffs according to proof;

7.  That the Defendants be ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiffs according to proof;

8.  That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9.  That the Defendants be ordered and enjoined to pay restitution to Plaintiffs due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages

according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiffs;

11. That Plaintiffs be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiffs, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** August 6, 2018          **HAMNER LAW OFFICES, APLC**

/S/ Christopher J. Hamner

_____

By: Christopher J. Hamner, Esq.
Attorneys for Plaintiffs Eduardo Ruelas,
Jose Herrera and Sebastian Cano